**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000666**
**13-MAR-2020**
**07:57 AM**

NO. CAAP-16-0000666

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ARBITRATION BETWEEN
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellant,
and
STATE OF HAWAI'I, DEPARTMENT OF TRANSPORTATION;
LA-15-02 (GLEN TANAKA)(2016-003),
Employer-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0081)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Union-Appellant, United Public Workers, AFSCME, Local 646, AFL-CIO (UPW), appeals from the September 22, 2016 Judgment entered by the Circuit Court of the First Circuit (circuit court)[1] in Special Proceeding No. 16-1-0081. UPW also challenges the circuit court's May 6, 2016 "Order Denying UPW's Motion to Confirm Arbitration Decision and Award, to Enter Judgment, and for Other Appropriate Relief Filed on March 9, 2016" (Order Denying UPW's First Motion to Confirm) and the September 16, 2016 "Order Granting in Part and Denying in Part UPW's Motion to Confirm Arbitration Decisions and Awards, to Enter Final Judgment, and for Appropriate Relief Filed on July 8, 2016"

---

[1] The Honorable Karen T. Nakasone presided.

(Order Partially Granting/Denying UPW's Second Motion to Confirm).

## I. BACKGROUND

On January 4, 2016, UPW and the State of Hawai'i, Department of Transportation (State) began arbitration proceedings.[2] The arbitration arose from a grievance filed by UPW on behalf of Glenn Tanaka, who had been discharged from his employment with the State, effective March 19, 2015. On the first day of the arbitration proceedings, the State made an oral motion to dismiss the grievance, arguing, among other things, that pursuant to the collective bargaining agreement (CBA) in effect between the parties, UPW did not timely file the Step 1 grievance and UPW was not permitted to file its Step 2 grievance without first having a Step 1 meeting.

After receiving written briefs from the parties on the State's motion to dismiss, the Arbitrator issued his Decision on Arbitrability dated February 3, 2016, denying the State's motion. The Arbitrator determined that the State's defense of untimeliness was waived, as the CBA prohibits parties from raising allegations not asserted prior to arbitration and the State had not previously asserted that the grievance was untimely filed. The Arbitrator also determined that the CBA permitted UPW to file a Step 2 grievance although no Step 1 meeting occurred. The arbitration proceedings continued to its conclusion.

On March 7, 2016, UPW filed a "Motion to Confirm Arbitration Decision and Award, to Enter Judgment, and For Other Appropriate Relief" (First Motion to Confirm) in the circuit court, requesting that the court: confirm the Decision on Arbitrability pursuant to Hawaii Revised Statutes (HRS) § 658A-22

---

[2]    Theodore I. Sakai (Arbitrator) presided over the arbitration proceedings.

(2016)[3]; enter a judgment pursuant to HRS § 658A-25(a) (2016)[4]; and grant UPW attorney's fees and costs pursuant to HRS § 658A-25(b) and (c). On May 6, 2016, the circuit court issued its Order Denying UPW's First Motion to Confirm[5] on the basis that the Decision on Arbitrability "does not constitute an 'Award' for the purposes of §658A-19[6] and §658A-22, HRS, but [is] simply an

---

[3]    HRS § 658A-22 provides:

> **[§658A-22] Confirmation of award.** After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

[4]    HRS § 658A-25 provides:

> **[§658A-25] Judgment on award; attorney's fees and litigation expenses.** (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
>
> (b) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
>
> (c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

[5]    The circuit court's denial was without prejudice.

[6]    HRS § 658A-19 provides:

> **[§658A-19] Award.** (a) An arbitrator shall make a record of an award. The record shall be signed or otherwise authenticated by any arbitrator who concurs with the award. The arbitrator or the arbitration organization shall give notice of the award, including a copy of the award, to each party to the arbitration proceeding.
>
> (b) An award shall be made within the time specified by the agreement to arbitrate or, if not specified therein, within the time ordered by the court. The court may extend or the parties to the arbitration proceeding may agree in a record to extend the time. The court or the parties may do so within or after the time specified or ordered. A party waives any objection that an award was not timely made unless the party gives notice of the objection to the arbitrator before receiving notice of the award.

intermediate decision not subject to confirmation under §658A-22, HRS."

On June 20, 2016,[7] The Arbitrator issued his Decision and Award, sustaining four of the ten charges that served for the basis of Glenn Tanaka's discharge, and reducing his disciplinary action from discharge to twenty days suspension with no back pay. The Decision and Award included a summary of the Decision on Arbitrability.

On July 8, 2016, UPW filed a "Motion to Confirm Arbitration Decisions and Awards, to Enter Final Judgment, and For Appropriate Relief" (Second Motion to Confirm), requesting that the circuit court: confirm both the Decision on Arbitrability and the Decision and Award pursuant to HRS § 658A-22; enter a final judgment for both decisions pursuant to HRS § 658A-25(a); and grant appropriate relief including costs and attorney's fees pursuant to HRS § 658A-25(b) and (c). On September 16, 2016, the circuit court issued its Order Partially Granting/Denying UPW's Second Motion to Confirm, which: (1) granted UPW's request to confirm the Decision and Award, which had incorporated the Decision on Arbitrability, but did not confirm the Decision on Arbitrability as a separate award; (2) denied UPW's request for costs, finding that it was within the circuit court's discretion under HRS § 658A-25(b) and would be inequitable because the State prevailed on UPW's First Motion to Confirm and agreed not to seek costs; and (3) denied UPW's request for attorney's fees, determining that attorney's fees are not permissible under HRS § 658A-25(c) where the State did not contest confirmation of the Decision and Award.

UPW timely appealed on October 10, 2016.

---

[7] The signature page on the Decision and Award is dated February 20, 2016. However, both the State's Answering Brief and the circuit court's Order Partially Granting/Denying UPW's Second Motion to Confirm indicate the date of the Decision and Award was actually June 20, 2016.

## II. POINTS OF ERROR

On appeal, UPW asserts that the circuit court erred by: (1) not confirming the Decision on Arbitrability in the Order Denying UPW's First Motion to Confirm; (2) not confirming the Decision on Arbitrability as a separate award from the Decision and Award in the Order Partially Granting/Denying UPW's Second Motion to Confirm; (3) declining to award UPW attorney's fees and costs associated with its Second Motion to Confirm. UPW also contends that if this court determines that the First Motion to Confirm should have been granted, then the circuit court erred in not awarding attorney's fees and costs for that motion.

## III. STANDARDS OF REVIEW

### A. Arbitration Awards

"We review the circuit court's ruling on an arbitration award *de novo*, but we also are mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal quotation marks, citations, and brackets omitted).

> Judicial review of an arbitration award is limited by the following precepts:
>
> > First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.
> >
> > Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in HRS § 658-9 and modified and corrected only on the three grounds specified in HRS § 658-10. Moreover, the courts have no business weighing the merits of the award.
> >
> > Third, HRS §§ 658-9 and -10 also restrict the authority of appellate courts to review judgments entered by circuit courts confirming or vacating the

arbitration awards.

> Daiichi Hawai'i Real Estate Corp. v. Lichter, 103 Hawai'i
> 325, 336, 82 P.3d 411, 422 (2003) (internal quotation marks,
> brackets, ellipses points, and citations omitted).

Schmidt v. Pac. Benefit Servs., Inc., 113 Hawai'i 161, 165-66,

150 P.3d 810, 814-15 (2006).

**B. Statutory Interpretation**

Questions of statutory interpretation are questions of

law to be reviewed *de novo* under the right/wrong standard.

> Our statutory construction is guided by the following
> well established principles:
>
> > our foremost obligation is to ascertain and give
> > effect to the intention of the legislature, which is
> > to be obtained primarily from the language contained
> > in the statute itself. And we must read statutory
> > language in the context of the entire statute and
> > construe it in a manner consistent with its purpose.
> >
> > When there is doubt, doubleness of meaning, or
> > indistinctiveness or uncertainty of an expression used
> > in a statute, an ambiguity exists. . . .
> >
> > In construing an ambiguous statute, "[t]he
> > meaning of the ambiguous words may be sought by
> > examining the context, with which the ambiguous words,
> > phrases, and sentences may be compared, in order to
> > ascertain their true meaning. Moreover, the courts
> > may resort to extrinsic aids in determining
> > legislative intent. One avenue is the use of
> > legislative history as an interpretive tool."
> >
> > This court may also consider "[t]he reason and
> > spirit of the law, and the cause which induced the
> > legislature to enact it . . . to discover its true
> > meaning."

Lingle v. Hawaii Gov't Employees Ass'n, AFSCME, Local 152,

AFL-CIO, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005) (quoting

Guth v. Freeland, 96 Hawai'i 147, 149-50, 28 P.3d 982, 984-85

(2001)).

## IV. DISCUSSION

**A. The Decision on Arbitrability was not an "award" subject to confirmation under HRS § 658A-22.**

In its Order Denying UPW's First Motion to Confirm, the

circuit court determined that based on our holding in United

Public Workers, AFSCME, Local 646, AFL-CIO v. City and County of

6

Honolulu, 124 Hawai'i 367, 244 P.3d 604 (App. 2010), the Decision on Arbitrability did "not constitute an 'Award' for the purposes of §658A-19 and §658A-22, HRS, but [was] simply an intermediate decision not subject to confirmation under §658A-22, HRS."

On appeal, UPW asserts that the circuit court's determination was in error because HRS § 658A-19 amounts to a statutory definition of "award" and compliance with the statute resulted in the Decision on Arbitrability becoming an "award" subject to confirmation. UPW also cites various federal cases for the proposition that an arbitrator's intermediate decision may be confirmed by the circuit court if: (1) the parties agreed to bifurcate the proceedings; and/or (2) the decision finally and definitely disposes of a separate and independent claim. Additionally, UPW argues that United Public Workers, AFSCME, Local 646, AFL-CIO, 124 Hawai'i 367, 244 P.3d 604, is not controlling here because it was decided in the context of whether the court had appellate jurisdiction under HRS § 658A-28(a)(3).[8]

We first reject UPW's contention that HRS § 658A-19 amounts to a statutory definition of "award" and that compliance with its provisions results in the arbitrator's decision becoming

---

[8]     In cases involving arbitration, an appeal to the appellate courts from a circuit court order or final judgment is authorized as set forth under HRS § 658A-28 (2016). The statute provides:

[§658A-28] Appeals.  (a)  An appeal may be taken from:

(1)     An order denying a motion to compel arbitration;

(2)     An order granting a motion to stay arbitration;

(3)     An order confirming or denying confirmation of an award;

(4)     An order modifying or correcting an award;

(5)     An order vacating an award without directing a rehearing; or

(6)     A final judgment entered pursuant to this chapter.

(b)  An appeal under this section shall be taken as from an order or a judgment in a civil action.

(Emphases added.)

7

an "award." In Schmidt, 113 Hawai'i at 168, 150 P.3d at 817, the supreme court discussed whether an arbitration decision not in strict compliance with the statutory requirements of HRS § 658-8,[9] the predecessor statute to HRS § 658A-19,[10] was an "award," which would trigger the time limitation for filing a motion to vacate once served. The supreme court held that "the statutory language under HRS § 658-8 and relevant case law indicate that formal acknowledgment or proof does not affect an award's validity as between the parties and may take place at any time prior to or at confirmation. . . . Thus, the proper focus of inquiry . . . is whether the award was final." Schmidt, 113 Hawai'i at 171-72, 150 P.3d at 820-21. Applying the same analysis here, HRS § 658A-19 prescribes the form of an award, but compliance with its provisions does not in itself determine whether a decision is an "award" for the purposes of HRS § 658A-22.

Next, UPW is correct in its assertion that our analysis in United Public Workers, AFSCME, Local 646, AFL-CIO was limited to analyzing the term "award" in the context of HRS § 658A-28, the section governing appeals. Nonetheless, as discussed below, we find that our analysis of the term "award" in United Public Workers, AFSCME, Local 646, AFL-CIO is germane to the use of the term "award" in HRS § 658A-22, in the context of confirming awards.

UPW argues that the Decision on Arbitrability was a confirmable award because: (1) the parties agreed to bifurcate the proceedings; and/or (2) the decision finally and definitely

---

[9]      HRS § 658-8 (1993) provided that an "award shall be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate, and delivered to one of the parties or the party's attorney."

[10]      "The former § 658-8 (Award and Confirming Award) was split into § 658A-19 (Supp. 2013) and § 658A-22 (Supp. 2013) . . . . This court has applied case law interpretations of HRS Chapter 658 to these successor provisions." Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC, Nos. CAAP-12-0000845, CAAP-13-0000592, CAAP-13-0001150, 2014 WL 3952677, at *3 n.7 (Haw. App. Aug. 12, 2014) (SDO).

disposed of a separate and independent claim. UPW's argument is based on case law from federal courts in other jurisdictions, recognizing exceptions to the Federal Arbitration Act's (FAA) general rule that a district court only has the power to confirm or vacate a final arbitration award. See, e.g., Trade & Transp., Inc. v. Natural Petroleum Charterers Inc., 931 F.2d 191, 195 (2d Cir. 1991) (stating that exceptions to the general rule exist in cases where the arbitrators decide a separate, independent claim, or where the parties expressly agree to submit only the liability or damages phase of any one claim); Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980) (finding that under the FAA, a district court generally only has the power to confirm or vacate a final arbitration award). UPW provides no authority indicating that Hawai'i has applied these exceptions to HRS Chapter 658A.

Even if we were to apply the exception allowing for bifurcation, we find that there was no expressed intent or agreement that the issue of arbitrability be bifurcated. Despite UPW's assertion that section 15.19 of the CBA[11] provides for bifurcating the issue of arbitrability from the rest of the grievance issues, upon our review of the provision, we find that it does not so provide. Rather, section 15.19 merely requires the Arbitrator to determine the issue of arbitrability of a grievance when raised by the Employer; it does not evidence an expressed intent or agreement to divide the issue from the rest of the grievance. See Providence Journal Co. v. Providence Newspaper Guild, 271 F.3d 16, 19 (1st Cir. 2001) (determining that whether a partial award with respect to liability is a final

---

[11]    Section 15.19(b) of the CBA provides:

> In the event the Employer disputes the arbitrability of a grievance[,] the Arbitrator shall determine whether the grievance is arbitrable prior to or after hearing the merits of the grievance. If the Arbitrator decides the grievance is not arbitrable, the grievance shall be referred back to the parties without decision or recommendation on its merits.

award under the FAA depends on: (1) whether, and to what extent, both parties had expressed an intent to bifurcate, and (2) whether the arbitrator and the parties understood the determination of liability to be a final award).  Moreover, the federal cases cited by UPW only indicate that this exception applies when the two issues to be bifurcated are liability and damages, which is not the case here.  See id. (stating that the holding in Hart Surgical, Inc. v. Ultracision, Inc., 244 F.3d 231 (1st Cir. 2001), "was limited to cases in which the parties, at the arbitration stage, had formally agreed to bifurcate arbitration into liability and damages phases," but that its analysis extends to cases where there is evidence of the parties' intent to bifurcate without a formal agreement (emphasis omitted)).

Despite UPW's argument that federal law permits an arbitrator's intermediate decision on a separate and independent claim to be confirmed, and that the commentary to section 18 of the 2000 Revised Uniform Arbitration Act (RUAA)[12] indicates an intent for those decisions to be confirmable, we find that such a construction of HRS §§ 658A-18[13] and 658A-22 would be contrary to the purpose behind this state's arbitration statute.  Lingle, 107 Hawaiʻi at 183, 111 P.3d at 592 ("[O]ur foremost obligation is to ascertain and give effect to the intention of the legislature,

---

[12]     RUAA § 18 cmt. 1 provides, in relevant part: "Because the orders of arbitrators are not self-enforcing, a party who receives a favorable ruling with which another party refuses to comply, must apply to a court to have the ruling made an enforceable order."

[13]     HRS § 658A-18 (2016) provides:

> [§658A-18] **Judicial enforcement of pre-award ruling by arbitrator.**  If an arbitrator makes a pre-award ruling in favor of a party to the arbitration proceeding, the party may request the arbitrator to incorporate the ruling into an award under section 658A-19.  A prevailing party may make a motion to the court for an expedited order to confirm the award under section 658A-22, in which case the court shall summarily decide the motion.  The court shall issue an order to confirm the award unless the court vacates, modifies, or corrects the award under section 658A-23 or 658A-24.

which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." (citation omitted)).

> [The Hawai'i Supreme Court has] stated "that the proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation."  Dorrance v. Lee, 90 Hawai'i 143, 147, 976 P.2d 904, 908 (1999) (internal quotation marks and citations omitted); see also Gadd v. Kelley, 66 Haw. 431, 436, 667 P.2d 251, 255 (1983) ("'The proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation.'" (Quoting Gregg Kendall & Assocs. v. Kauhi, 53 Haw. 88, 93, 488 P.2d 136, 141 (1971)) (other citations omitted)); Mars Constructors, Inc. v. Tropical Enters., Ltd., 51 Haw. 332, 334, 460 P.2d 317, 318-19 (1969) ("It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action. . . . Thus, it must be deemed that the primary purpose of arbitration is to avoid litigation."); In re Arbitration Between Carroll & Travis, 81 Hawai'i 264, 267, 915 P.2d 1365, 1368 (App. 1996) ("We recognize that public policy favors the resolution of disputes by arbitration.") (Citations omitted.).

Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Hawai'i 476, 489, 236 P.3d 456, 469 (2010) (brackets omitted).  Permitting intermediate decisions to be subject to confirmation under HRS § 658A-22, prior to the issuance of a final award, would invite the filing of motions to vacate[14] or

---

[14]     HRS § 658A-23 (2016) governs motions to vacate awards and provides, in relevant part:

> [§658A-23] Vacating award.  (a)   Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
>> (1)   The award was procured by corruption, fraud, or other undue means;
>>
>> (2)   There was:
>>
>>> (A)   Evident partiality by an arbitrator appointed as a neutral arbitrator;
>>>
>>> (B)   Corruption by an arbitrator; or
>>>
>>> (C)   Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>>
>> (3)   An arbitrator refused to postpone the hearing

11

modify or correct[15] the award from the opposing party,

upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(4)   An arbitrator exceeded the arbitrator's powers;

(5)   There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

(6)   The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

. . . .

(d)   If the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending.

[15] HRS § 658A-24 (2016) governs motions to modify or correct awards and provides:

**[§658A-24] Modification or correction of award.**   (a) Upon motion made within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, the court shall modify or correct the award if:

(1)   There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2)   The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(3)   The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

(b)   If a motion made under subsection (a) is granted, the court shall modify or correct and confirm the award as modified or corrected.   Otherwise, unless a motion to vacate is pending, the court shall confirm the award.

(c)   A motion to modify or correct an award pursuant to this section may be joined with a motion to vacate the award.

necessitating additional and piecemeal litigation, and increasing court involvement and expenses in the arbitration process.

The federal cases cited by UPW, for the proposition that intermediate decisions on separate and independent claims are confirmable, conclude that the intermediate decisions or orders were also final awards or partial final awards subject to appeal. See, e.g., Zeiler v. Deitsch, 500 F.3d 157, 168-69 (2d Cir. 2007) (reviewing district court's confirmation of eight orders requiring accounting and transfer of documents, and concluding that they were final orders, even though they did not dispose of all the claims that were submitted to arbitration); Publicis Commc'n v. True N. Commc'ns, Inc., 206 F.3d 725, 729 (7th Cir. 2000) (reviewing district court confirmation of an order to turn over tax records and determining that it was a final order ripe for confirmation, even though other claims remained to be addressed in arbitration); Yasuda Fire & Marine Ins. Co. of Europe, Ltd v. Cont'l Cas. Co., 37 F.3d 345, 348-49 (7th Cir. 1994) (holding that an arbitrator's order of interim relief was an "award" subject to both confirmation and vacation under the FAA and since the district court ruled on all issues pertaining to the order, it was reviewable by the appellate court). These federal appellate court holdings are inconsistent with our holding in United Public Workers, AFSCME, Local 646, AFL-CIO that only a final arbitration award and not merely any arbitration intermediate decision could be appealed, and our citation to International Shipping Agency, Inc. v. Union Empleados de Muelles de Puerto Rico, AFL-CIO, Local 1901, ILA, 547 F. Supp. 2d 116 (D.P.R. 2008), for the proposition that to be considered final, an arbitration award must be intended by the arbitrator to be a complete determination of every issue submitted. United Pub. Workers, AFSCME, Local 646, AFL-CIO, 124 Hawai'i at 370-71, 244 P.3d at 607-08. Therefore, we decline to apply the FAA exceptions here.

Based on the foregoing, and reading HRS § 658A-22 in

13

*pari materia*[16] with our interpretation of HRS § 658A-28(a)(3) in United Public Workers, AFSCME, Local 646, AFL-CIO, 124 Hawaiʻi at 370, 244 P.3d at 607, we conclude that "award" as used in HRS § 658A-22 means the arbitrator's final award and not simply an intermediate decision. This interpretation is consistent with the policy behind this state's arbitration statute, see Lingle, 107 Hawaiʻi at 183, 111 P.3d at 592, and produces a harmonious result between the sections of HRS Chapter 658A. See Kauai Springs, Inc. v. Planning Comm'n of Cty. of Kauaʻi, 133 Hawaiʻi 141, 163, 324 P.3d 951, 973 (2014) ("It is fundamental in statutory construction that each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." (internal quotation marks and citation omitted)).

The circuit court did not err in concluding that the Decision on Arbitrability did not constitute an "award" subject to confirmation under HRS § 658A-22, and thereby denying the First Motion to Confirm.

**B.     The circuit court did not err in denying UPW's Second Motion to Confirm, as it pertained to confirming the Decision on Arbitrability as a separate award.**

UPW asserts that the circuit court was required to confirm the Decision on Arbitrability when it ruled on the Second Motion to Confirm because HRS § 658A-22 leaves no discretion to the circuit court where the award was not vacated or modified.

HRS § 658A-18 provides:

> **[§658A-18] Judicial enforcement of pre-award ruling by arbitrator.** If an arbitrator makes a pre-award ruling in favor of a party to the arbitration proceeding, the party may request the arbitrator to incorporate the ruling into an award under section 658A-19. A prevailing party may make a motion to the court for an expedited order to confirm the

---

    16     One of the canons of statutory constructions is that "laws in *pari materia*, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 450, 420 P.3d 370, 381 (2018) (internal quotation marks, brackets, and citations omitted); see HRS § 1-16.

award under section 658A-22, in which case the court shall summarily decide the motion. The court shall issue an order to confirm the award unless the court vacates, modifies, or corrects the award under section 658A-23 or 658A-24.

Here, UPW requested in its post-trial brief that the Arbitrator incorporate the Decision on Arbitrability into the Decision and Award and the Arbitrator did so. After UPW filed its Second Motion to Confirm, the circuit court issued its Order Partially Granting/Denying UPW's Second Motion to Confirm, confirming the Decision and Award. Because the record reflects that the circuit court did in fact confirm the Decision on Arbitrability, as incorporated into the Decision and Award, pursuant to HRS §§ 658A-18 and 658A-22, UPW's contention that the circuit court erred is without merit. Insofar as UPW argues that the circuit court erred by not confirming the Decision on Arbitrability as a separate award under HRS §§ 658A-18 and 658A-22, UPW has not provided any authorities requiring such and we are not aware of any.

**C. The circuit court did not abuse its discretion in denying UPW's request for costs related to its Second Motion to Confirm.**

UPW cites Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d) in contending that "[a]s a general rule a presumption exists in favor of awarding costs to a prevailing party which the [State] never overcame." Contrary to UPW's assertion, the HRCP Rule 54(d) presumption does not apply here because HRS § 658A-25(b) expressly provides that the granting of costs is within the circuit court's discretion. See HRCP Rule 54(d)(1) ("Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"); see also Matter of Arbitration Between United Pub. Workers, AFSCME, Local 646, AFL-CIO & Dep't of Transp., Highways Div., No. CAAP-17-0000529, 2019 WL 4131309, at *1 (Haw. App. Aug. 30, 2019) (SDO).

The award of costs pursuant to HRS § 658A-25(b) is

15

discretionary, not mandatory. See HRS § 658A-25(b) ("A court may allow reasonable costs of the motion and subsequent judicial proceedings." (emphasis added)); Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998) ("The award of taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." (internal quotation marks and citation omitted)).

The record reflects that the circuit court denied UPW's costs based on its finding that the State was the prevailing party in the contested judicial proceeding for UPW's First Motion to Confirm. The circuit court further found that the State represented that it would forgo seeking costs for that proceeding and determined that it was in the interest of equity to deny UPW's request for costs related to the Second Motion to Confirm. The circuit court's determination was supported by the record and was not an abuse of discretion. See Price v. AIG Hawai'i Ins. Co., Inc., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005) ("The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

**D.  The circuit court did not abuse its discretion in denying UPW's request for attorney's fees pursuant to HRS § 658A-25(c).**

"HRS § 658A-25(c) allows a court to award attorney's fees incurred in judicial proceedings to confirm an arbitration award when a motion to confirm award under HRS § 658A-22 is contested." RT Imp., Inc. v. Torres, 139 Hawai'i 445, 451, 393 P.3d 997, 1003 (2017) (emphasis added); In re Arbitration Between United Pub. Workers, AFSCME, Local 646, AFL-CIO & City & Cty. of Honolulu, 119 Hawai'i 201, 209, 194 P.3d 1163, 1171 (App. 2008) ("Under the plain language of HRS § 658A-25(c) . . . reasonable attorney's fees may only be awarded to a party who prevails in a contested judicial proceeding to confirm, vacate, modify, or correct an arbitration award." (emphases added)).

16

UPW asserts that it was entitled to attorney's fees for its Second Motion to Confirm under HRS § 658A-25(c) because the State's opposition to confirming the Decision on Arbitrability as a separate award made it a "contested judicial proceeding," and UPW was the prevailing party, since the circuit court confirmed the Decision and Award. We disagree with UPW's contention.

In its response to UPW's Second Motion to Confirm, the State conceded that it had **"no objection** to the issuance of an order confirming, pursuant to §658A-19 and §658A-22, HRS, Arbitrator Sakai's [Decision and Award], which appears to have incorporated Arbitrator Sakai's [Decision on Arbitrability] within itself." (Emphasis in original.) The record also reflects that the State did not move to vacate the award pursuant to HRS § 658A-23 or as violating public policy, In re Grievance Arbitration Between State Org. of Police Officers, 135 Hawaiʻi 456, 465, 353 P.3d 998, 1007 (2015) ("Hawaiʻi case law recognizes that there is a limited public policy exception to the general deference given arbitration awards." (internal quotation marks and citation omitted)), nor did it move to modify or correct the award pursuant to HRS § 658A-24. Under the plain language of HRS § 658A-22, the circuit court was obligated to confirm the award where the State had not contested it by filing a motion to vacate, modify, or correct the award. HRS § 658A-22; see Arbitration of Bd. of Dirs. of Ass'n of Apartment Owners of Tropicana Manor, 73 Haw. 201, 213, 830 P.2d 503, 510 (1992) ("By seeking clarification of the unambiguous original award instead of moving to vacate, modify, or correct the award pursuant to HRS §§ 658-9 and 658-10, or demanding a trial de novo pursuant to HRS § 514A-127 in a timely fashion, appellees waived their right to any judicial review of the award."); accord Blau v. AIG Hawaiʻi Ins. Co., No. CAAP-11-0000713, 2014 WL 2949437, at *1 (Haw. App. June 30, 2014) (SDO) (finding that "AIG waived its right to challenge the arbitration award by filing a memo in opposition to Blau's motion to confirm rather than moving to modify or correct

17

the arbitration award pursuant to HRS § 658A-24 (Supp. 2013), or vacate the award pursuant to § 658A-23 (Supp. 2013)" (footnotes omitted)). The State's opposition to the Second Motion to Confirm was limited to the confirmation of the Decision of Arbitrability as a separate award. The State's limited opposition did not convert the proceeding into a "contested judicial proceeding" as the State had not actually contested the confirmation of the award.[17]

The circuit court therefore did not abuse its discretion in denying UPW's request for attorney's fees.

### V. CONCLUSION

Based on the foregoing, we affirm the September 22, 2016 Judgment, the May 6, 2016 Order Denying UPW's First Motion to Confirm, and the September 16, 2016 Order Partially Granting/Denying UPW's Second Motion to Confirm.

DATED: Honolulu, Hawai'i, March 13, 2020.

On the briefs:

Herbert R. Takahashi,
and Rebecca L. Covert,
(Takahashi and Covert),
for Union-Appellant.

Robert T. Nakatsuji,
Deputy Solicitor General
for Employer-Appellee.

Presiding Judge

Associate Judge

Keith K. Hiraoka

Associate Judge

---

[17] Our conclusion is consistent with the commentary to the 2000 RUAA, after which HRS Chapter 658A is modeled. See Matter of Hawai'i State Teachers Ass'n, 140 Hawai'i 381, 402, 400 P.3d 582, 603 (2017); Mikelson v. United Servs. Auto. Ass'n, 122 Hawai'i 393, 399, 227 P.3d 559, 565 (App. 2010) ("Because HRS § 658A-25 is almost identical to section 25 of the RUAA, the Comments to RUAA § 25 are also useful in interpreting HRS § 658A-25." (internal quotation marks and citation omitted)). The commentary to RUAA § 25 provides that "[t]he right to recover post-award litigation expenses does not apply if a party's resistance to the award is entirely passive[.]'" RUAA § 25 cmt. 4.